(32 Misc. Rep. 17.)

### BLUMENAUER et ux. v. O'CONNOR.

(Supreme Court, Special Term, New York County. June, 1900.)

1. ADJOINING LANDOWNERS—ENCROACHMENTS—TITLE—EVIDENCE.
  Plaintiffs' complaint in an action to enjoin an encroachment alleged that their property was divided from defendant's by a line parallel to Courtlandt avenue and 150 feet therefrom. Both parties claimed through deeds describing their premises as lots shown on a specified village map. The map was not put in evidence by plaintiffs, nor was there any evidence that it could not be found. *Held*, that plaintiffs were not entitled to an injunction, since they must prove by preponderance of evidence their title to the strip in issue, and, in the absence of the map, there was nothing showing that Courtlandt avenue is now where it was when the map was made.

2. SAME—PRIOR AGREEMENT—ESTOPPEL.
  Where plaintiffs sued to enjoin an encroachment on their land, and prior to the action had agreed with defendant what should be considered the true division line between them, and had permitted defendant to build

up to the line so agreed on, plaintiffs will be estopped from denying that .the line agreed on is the true line, in the absence of fraud.

Action by William Blumenauer and wife against Bridget O'Connor for injunction.　Judgment for defendant.

Frank Schaeffler (William C. Gulick, of counsel), for plaintiffs.
William O'Donoghue, for defendant.

LAWRENCE, J.　The plaintiffs and defendant are owners in fee of adjoining lots of land on the north side of 151st street, in the borough of the Bronx, in the city of New York, and it is alleged in the complaint that the division line between their respective lots runs parallel with Courtlandt avenue at a distance of 150 feet easterly from the easterly side of said avenue, the land of the plaintiffs being east of said division line, and that of the defendant west of said line.　It is further alleged that in or about the month of July, 1888, the defendant erected on her said lot a four-story brick apartment house, and upon information and belief that the eastern wall of said brick building, unknown to the plaintiffs, was and is built upon the plaintiffs' land for a distance of 65 feet, more or less, and encroaches upon the plaintiffs' land for that length at a width of from 1 inch at the point where the easterly wall of said brick building touches the northerly line of 151st street, to 3 inches at the rear line of the defendant's building.　The complaint contains an allegation that the plaintiffs requested the removal of said incumbrance or obstruction from the plaintiffs' land, and that said request was refused.　There is also an allegation that the brick wall on the plaintiffs' land has worked and will work serious and irreparable injury to the plaintiffs, and render it impossible for them to convey a clear title to the said lot or premises, and to utilize said lot by building thereon, to their damage $1,000.　The prayer of the complaint is that an injunction issue enjoining the defendant from permitting the said wall to remain upon the plaintiff's lot, and ordering her to remove the same from off the plaintiffs' land, and for damages in the sum of $1,000.　The answer alleges, on information and belief, that no part of defendant's house is upon any part of the property of the plaintiffs, and that, therefore, she has refused to remove any part of said house.　It is further alleged that in or about the month of July, 1888, plaintiffs claimed to be the owners of a certain frame building on land claimed to be owned by them, directly adjoining defendant's lot to the east thereof, and that defendant, prior to causing the construction of her building upon her said lot, caused her said lot to be duly and carefully surveyed for the purpose by Louis A. Risse, civil engineer and city surveyor, and it was then ascertained by said surveyor, with the knowledge of said plaintiffs, and was understood and agreed by and between this defendant and the said plaintiffs, William Blumenauer and Elizabeth Blumenauer, his wife, that the westerly wall of the said frame house belonging or claimed to belong, as aforesaid, to said plaintiffs, projected over and upon the land of this defendant, and the boundary line between the said land of the defendant and the said land claimed to be owned by

said plaintiffs was then ascertained and agreed upon between them; and the line so ascertained and agreed upon by and between the said plaintiffs and this defendant is coincident with the easterly surface of the easterly wall of this defendant; and this defendant was induced and did cause the wall of her said building to be erected and constructed upon its present lines by the representations of the plaintiffs, and with their knowledge and consent, they having cut away a certain portion of the frame building aforesaid for the express purpose of permitting the defendant to erect the wall of her said building upon said line so ascertained and agreed upon. It is further alleged, by way of counterclaim, upon information and belief, by the defendant, that a portion of the building owned by the plaintiffs herein was and is resting upon defendant's lot aforesaid, and encroaches upon and incumbers her land to her damage in the sum of $500. It appears from the deeds introduced in evidence that the defendant derives her title to her lot from Charlotte Freutel, by deed dated July 21, 1883, and that the plaintiffs derived their title from August Freutel, by deed dated September 20, 1886. In these deeds the property conveyed is described by lot numbers "as the same are laid down in a certain map entitled a 'Map of the Village of Melrose South,' now on file in the register's office of Westchester county, at White Plains, N. Y.," the plaintiffs' lots being designated as the westerly half of lot No. 298 and the whole of lot No. 299, and the defendant's lot as No. 300. I agree with the counsel for the defendant that it is necessary for the plaintiffs to establish by a preponderance of evidence that they have title or right of possession to a strip of land one inch or one-half inch in width in front and three inches wide in the rear, and extending the whole length of the defendant's building. To do this it was essential to show on the trial that according to the map of Melrose South the plaintiffs had title to land beginning 150 feet easterly from the northeasterly corner of Courtlandt avenue and Gouverneur street, as referred to in said deeds, as the same existed at the time said map was made. That map was not introduced in evidence by the plaintiffs upon the trial. The plaintiffs' surveyor, Mr. Spindler, says that it was made by Serrell & O'Brien, civil engineers, on January 1, 1851. Mr. Mapes, another surveyor, called by the plaintiffs, says that it was made by Andrew Finlay; and Mr. Risse, a surveyor called by the defendant, says that he believes it was made by Robert Elton in the 50's. It nowhere appears from the testimony that that map cannot be found. It is recited in the deeds of each of the parties that the map in question "is now on file in the office of the register of the said county of Westchester." There is no reason for the supposition that the map is not on file in said office at the present time, and it is necessary for the disposition of the question as to the alleged encroachment that it should be before the court, as it by no means follows that surveys made so long after the filing of that map, which seems to have been made in 1850 or 1851, correctly shows the distances and courses which are given upon that map. The fact that the east line of Courtlandt avenue is the same now as it was in 1884, as testified to by Mr. Spindler, does not aid the plaintiffs. It does not

prove that the lines now given of 151st street and Courtlandt avenue are the same as those indicated upon the map of the village of Melrose South, referred to in the deeds through which the parties derive their title.    The onus is upon the plaintiffs to make that fact appear beyond a doubt, particularly in a case where the alleged encroachment is only one inch or one-half inch in front and three inches in the rear, according to the plaintiffs' surveyors.    If, however, this conclusion is not correct, I am further of the opinion that, in view of the interviews which were had between William Blumenauer, one of the plaintiffs, and the representative of the defendant, at the time the defendant's house was built, and also in view of the determination then made by the parties as to the correct line of the defendant's property and as to the construction of her wall, this court ought not to interfere as a court of equity, and by a mandatory injunction decree the removal of any part of the defendant's wall.    The arrangement which was agreed to by the plaintiffs with Boll, the defendant's mason, was a practical determination of a disputed point between the parties, and should not be disturbed at this late day, unless misrepresentation and fraud are shown, of which there is no evidence in the case.    Furthermore, upon the testimony as to what took place when defendant's wall was built, I think that the plaintiffs are estopped from denying the accuracy of the then location of the wall.    3 Washb. Real Prop. (5th Ed.) 80, 81; Trustees, etc., v. Smith, 118 N. Y. 634, 635, 23 N. E. 1002, 7 L. R. A. 755.    If there has been a mutual mistake of fact as to the true boundary line between the land of the plaintiffs and defendant, so that the plaintiffs are not estopped, and the defendant is to be regarded as a trespasser upon the plaintiffs' land, or if, subsequent to the erection of defendant's wall, it has encroached upon the plaintiffs' house, an adequate remedy at law is open to the plaintiffs; but the case is not one, I think, for equitable relief.    For these reasons the complaint herein will be dismissed, with costs.    Draw decision and judgment in accordance with these views, and settle on two days' notice.

Ordered accordingly.